UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ROGELIO ROSA,

        Plaintiff,

                                      Index No.: 11 CV 2123(AJN)

    -against-

ROSEN PARAMOUNT GLASS CO., INC. and
STANLEY ROSEN,

        Defendants.

------------------------------------------------------------------x

# PLAINTIFF'S COUNSEL'S MEMORANDUM OF LAW IN SUPPORT FOR COUNSEL'S MOTION TO BE RELIEVED

Mark Lubelsky, Esq.
MARK L. LUBELSKY & ASSOCIATES
Attorneys for Plaintiff
123 West 18th Street, 8th Floor
New York, NY 10011
(212) 242-7480

## TABLE OF CONTENTS

|   | PAGE |
|---|---|
| TABLE OF CONTENTS............................................................. | i |
| STATEMENT OF FACTS......................................................... | 1 |
| ARGUMENT............................................................................. | 1 |
|     COUNSEL HAS ESTABLISHED GOOD CAUSE TO BE RELIEVED AS COUNSEL............................................... | 1 |
| CONCLUSION.......................................................................... | 3 |

## STATEMENT OF FACTS

Plaintiff Rosa Rogelio commenced an action against Rosen Paramount Glass Co., Inc., and Stanley Rosen in the United States District Court for the Southern District of New York on March 28, 2011, with causes of action brought pursuant to the Fair Labor Standards Act and pursuant to New York Labor Law, as the result of the alleged unlawful payment practices of the Defendants.

On June 13, 2012, a settlement conference was scheduled before Magistrate James C. Francis. Prior to the conference on June 13, 2012, the Plaintiff came to Counsel's office in order to discuss the day's events. Based on the communications between Plaintiff and Counsel, Counsel feels it is necessary that Counsel be relieved as Counsel of record for Plaintiff.

## ARGUMENT

**COUNSEL HAS ESTABLISHED GOOD CAUSE TO BE RELIEVED AS COUNSEL**

The Southern District of New York Local Civil Rule 1.4 provides that:

> An attorney who has appeared as attorney for record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a

1

retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

Pursuant to Rule 1.16(b)(1) of the New York State Rules of Professional Conduct:

> (b) Except as stated in paragraph (d), a lawyer shall withdraw from the representation of a client when: (1) the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law.

Counsel's continued representation of Plaintiff would be a violation of Rule 3.1(a) of the New York State Rules of Professional Conduct that provides:

> A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous.

The Court has held that "where an irreconcilable conflict has emerged between an attorney and the attorney's client, that too may support a determination by a court to allow withdrawal by the attorney." *Callahan v. Consolidated Edison Company of New York, Inc.*, 2002 WL 1424593 at 1 (S.D.N.Y. 2002). See also, *Hallmark Capital Corp. v. Red Rose Collection, Inc.*, 1997 WL 661146 at 2 (S.D.N.Y. 1997); *Griffin v. Norwegian Cruise Line, Ltd.*, 2002 WL 500375 (S.D.N.Y. 2002).

Plaintiff is bound by Rule 1.6 to refrain from disclosing attorney-client communications. The only practical solution that Counsel sees before him is to be

relieved as Counsel and terminate the attorney-client relationship between Plaintiff and Counsel.

## **CONCLUSION**

Moving Counsel can no longer continue to represent the Plaintiff. A continued representation would constitute a violation of the Rule of Professional Conduct Counsel is bound to uphold. Good cause exists to grant Counsel's motion to be relieved as Counsel.

Dated: New York, New York
June 20, 2012

MARK L. LUBELSKY AND ASSOCIATES
By: _____
Mark L. Lubelsky (MLL7958)
Attorneys for Plaintiffs
123 West 18th Street, Eighth Floor
New York, New York 10011
212-242-7480